UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| WALTER HANSEN, JR., | ) | Civil Action No.: 4:20-cv-02367-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| -vs- | ) | |
| | ) | |
| Kilolo Kijakazi,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying Plaintiff's claim for disability insurance benefits(DIB). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied. This action is proceeding before the undersigned pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. Proc. R. 73.

### I. RELEVANT BACKGROUND

**A.    Procedural History**

Plaintiff filed an application on March 8, 2017, alleging disability beginning on June 2, 2016. (Tr. 16). His claims were denied initially and upon reconsideration. Thereafter, Plaintiff filed a request for a hearing. A hearing was held on March 19, 2019, at which time Plaintiff and a vocational expert (VE) testified. (Tr. 16). The Administrative Law Judge (ALJ) issued an unfavorable decision on May 6, 2019, finding that Plaintiff was not disabled within the meaning of

---

[1] Recently, Kilolo Kijakazi became the Acting Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), she is automatically substituted for Defendant Andrew Saul who was the Commissioner of Social Security when this action was filed.

the Act. (Tr. 16-21). Plaintiff filed a request for review of the ALJ's decision and submitted additional evidence to the Appeals Council, twenty pages of records and statements. The Appeals Council denied the request for review and did not exhibit the evidence. (Tr. 2). On June 23, 2020, Plaintiff filed this action. (ECF No. 1).

**B.     Plaintiff's Background and Medical History**

Plaintiff was born on October 13, 1955, and was almost 61 years old on the alleged onset date. (Tr. 70). Plaintiff alleges disability originally due to stage four prostate cancer. Relevant records will be addressed under the pertinent issue headings.

**C.     The ALJ's Decision**

In the decision of May 6, 2019, the ALJ made the following findings of fact and conclusions of law (Tr. 16-21):

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2021.

2. The claimant has not engaged in substantial gainful activity since June 2, 2016, the alleged onset date (20 CFR 404.1571 *et seq*.).

3. The claimant has the following medically determinable impairments: status post prostate cancer, gastroesophageal reflux disease, hypertension, hyperkalemia, onychomycosis and tinea manuum, insomnia, glaucoma, cataracts, and benign neoplasm of the left eyelid (20 CFR 404.1521 *et seq*.).

4. The claimant does not have an impairment or combination of impairments that has significantly limited ( or is expected to significantly limit) the ability to perform basic workrelated activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments (20 CFR 404.1521 *et seq*.).

5. The claimant has not been under a disability, as defined in the Social Security Act, from June 2, 2016, through the date of this decision (20 CFR 404.1520(c)).

## II. DISCUSSION

Plaintiff argues remand is required due to evidence submitted to the Appeals Council. Plaintiff argues the ALJ erred in the subjective symptom evaluation. Defendant argues the ALJ applied the correct law and relied on substantial evidence in finding Plaintiff not disabled. Pertinent here, there is no RFC determination made because no severe impairments were found; thus, the Steps ceased after that finding.

**A.    LEGAL FRAMEWORK**

**1.    The Commissioner's Determination–of–Disability Process**

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. § 423(a). Section 423(d)(1)(A) defines disability as: the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months. 42 U.S.C. § 423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, regulations promulgated under the Act have reduced the statutory definition of disability to a series of five sequential questions. *See, e.g., Heckler v. Campbell*, 461 U.S. 458, 460 (1983) (discussing considerations and noting the "need for efficiency" in considering disability claims). An examiner must consider the following: (1) whether the claimant is engaged in substantial gainful activity ("SGA"); (2) whether he has a severe impairment; (3) whether that impairment meets or equals an impairment included

in the Listings;[2] (4) whether such impairment prevents claimant from performing PRW;[3] and (5) whether the impairment prevents him from doing SGA. *See* 20 C.F.R. § 404.1520. These considerations are sometimes referred to as the "five steps" of the Commissioner's disability analysis. If a decision regarding disability may be made at any step, no further inquiry is necessary. 20 C.F.R. § 404.1520(a)(4) (providing that if Commissioner can find claimant disabled or not disabled at a step, Commissioner makes determination and does not go on to the next step).

A claimant is not disabled within the meaning of the Act if he can return to PRW as it is customarily performed in the economy or as the claimant actually performed the work. See 20 C.F.R. Subpart P, § 404.1520(a), (b); Social Security Ruling ("SSR") 82–62 (1982). The claimant bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. § 423(d)(5).

Once an individual has made a prima facie showing of disability by establishing the inability to return to PRW, the burden shifts to the Commissioner to come forward with evidence that

---

[2] The Commissioner's regulations include an extensive list of impairments ("the Listings" or "Listed impairments") the Agency considers disabling without the need to assess whether there are any jobs a claimant could do. The Agency considers the Listed impairments, found at 20 C.F.R. part 404, subpart P, Appendix 1, severe enough to prevent all gainful activity. 20 C.F.R. § 404.1525. If the medical evidence shows a claimant meets or equals all criteria of any of the Listed impairments for at least one year, he will be found disabled without further assessment. 20 C.F.R. § 404.1520(a)(4)(iii). To meet or equal one of these Listings, the claimant must establish that his impairments match several specific criteria or be "at least equal in severity and duration to [those] criteria." 20 C.F.R. § 404.1526; *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (noting the burden is on claimant to establish his impairment is disabling at Step 3).

[3] In the event the examiner does not find a claimant disabled at the third step and does not have sufficient information about the claimant's past relevant work to make a finding at the fourth step, he may proceed to the fifth step of the sequential evaluation process pursuant to 20 C.F.R. § 404.1520(h).

claimant can perform alternative work and that such work exists in the regional economy. To satisfy that burden, the Commissioner may obtain testimony from a VE demonstrating the existence of jobs available in the national economy that claimant can perform despite the existence of impairments that prevent the return to PRW. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the Commissioner satisfies that burden, the claimant must then establish that he is unable to perform other work. *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981); *see generally Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (regarding burdens of proof).

### 2.     The Court's Standard of Review

The Act permits a claimant to obtain judicial review of "any final decision of the Commissioner [ ] made after a hearing to which he was a party." 42 U.S.C. § 405(g). The scope of that federal court review is narrowly-tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner applied the proper legal standard in evaluating the claimant's case. *See id.*; *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Walls*, 296 F.3d at 290 (*citing Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).

The court's function is not to "try these cases *de novo* or resolve mere conflicts in the evidence." *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *see Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir.1988) (*citing Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). Rather, the court must uphold the Commissioner's decision if it is supported by substantial evidence. "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 390, 401; *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Thus, the court must carefully scrutinize the entire record to assure there is a sound foundation for the Commissioner's findings and that her conclusion is rational. *See Vitek*, 438 F.2d

at 1157-58; *see also Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed "even should the court disagree with such decision." *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). Substantial evidence as a threshold is "not high;" "[u]nder the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

**B.     ANALYSIS**

**Evidence Submitted to the Appeals Council**

Plaintiff argues the additional evidence submitted to the Appeals Council requires remand.

The Appeals Council noted the rules that applied to additional evidence: Plaintiff must show that the additional evidence "is new, material, and relates to the period on or before the date of the hearing decision. You must also show there is a reasonable probability that the additional evidence would change the outcome of the decision. You must show good cause for why you missed informing us about or submitting it earlier." (Tr. 1-2).

While the stated reason from the Appeals Council for not exhibiting the additional evidence is that the evidence did not show a reasonable probability that it would change the outcome of the decision, the court considers all the regulation factors and not just the reason relied on by the Appeals Council on one factor. (Tr. 1-2). The regulation 20 C.F.R. § 404.970 provides:

> (b) The Appeals Council will only consider additional evidence under paragraph (a)(5) of this section["Subject to paragraph (b) of this section, the Appeals Council receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision."] if you show good cause for not informing us about or submitting the evidence as described in § 404.935 because:

> (1) Our action misled you;
> (2) You had a physical, mental, educational, or linguistic limitation(s) that prevented you from informing us about or submitting the evidence earlier; or
> (3) Some other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from informing us about or submitting the evidence earlier. Examples include, but are not limited to:
> (i) You were seriously ill, and your illness prevented you from contacting us in person, in writing, or through a friend, relative, or other person;
> (ii) There was a death or serious illness in your immediate family;
> (iii) Important records were destroyed or damaged by fire or other accidental cause;
> (iv) You actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing; or
> (v) You received a hearing level decision on the record and the Appeals Council reviewed your decision.

20 C.F.R. § 404.970(b)(eff. Jan. 2017-Dec. 2020); *see also* 20 C.F.R. § 404.935.

The additional submissions were an imaging report from June 2016 (Tr. 28), Long Term Disability application forms with entries from Dr. Frank and Dr. Archambeau, dated August 17, 2016 and February 22, 2017, respectfully, and another set by Dr. Frank and Dr. Archambeau both dated January 7, 2019. (Tr. 29-44).

The hearing had been held on March 19, 2019.[4] Plaintiff's attorney stated there were no opinions from treating physicians. (Tr. 63). There was no discussion of any outstanding evidence.

Furthermore, in the briefing with this court, Plaintiff fails to show or argue good cause for the Appeals Council to consider additional evidence.

---

[4] The ALJ's decision was dated May 6, 2019. Plaintiff appears to argue that *Bird v. Comm'r*, 699 F.3d 337 (4th Cir. 2012) applies because evidence created after the ALJ's decision (or after the hearing) should be considered by the Appeals Council. Those circumstances doe not exist here.

Plaintiff has not shown good cause for not informing about or submitting the evidence as described in § 404.935. Remand is not required for this issue.

**Subjective Symptom Evaluation**

Plaintiff argues the ALJ erred in the subjective symptom evaluation. Plaintiff argues the ALJ did not consider Plaintiff's groin pain.

Importantly here, the ALJ found Plaintiff did not have an impairment or a combination of impairments that was severe and the Steps analysis ceased at that finding. (Tr. 19).

The ALJ found:

> There is no evidence that the claimant experienced any recurrence of his cancer, and there is no evidence of any significant residual symptoms from his cancer or treatment persisting for at least 12 months after onset. There is no evidence showing he reported any residual pain, fatigue, nausea, vomiting or other symptoms related to his treatment. Other than some periodic hot flashes, bladder neck irritation and mild proctitis, the claimant was essentially asymptomatic within 12 months of his alleged onset date, and his physical examinations were normal. Accordingly, the claimant's status post prostate cancer is not a medically determinable impairment because there is no evidence that it imposed more than minimal functional limitations for at least 12 consecutive months after onset.

(Tr. 19-20). The ALJ found Plaintiff's statements about the intensity, persistence, and limiting effects of reported symptoms were not entirely consistent with the evidence. (Tr. 20).

Under the social security regulations, for symptoms like groin pain to be considered to affect the ability to do basic work activities, medical signs and findings must show that a medically determinable impairment is present. 20 CFR § 404.1529(b). Plaintiff points to no evidence of contemporaneous complaints to providers or treatment for groin pain. Plaintiff only cites his communications with SSA as evidence. Remand is not required for this issue and the ALJ's findings are supported by substantial evidence.

### III. CONCLUSION

This Court is charged with reviewing the case only to determine whether the findings of the Commissioner were based on substantial evidence. *Richardson*, 402 U.S. at 390. Even where the Plaintiff can produce conflicting evidence which might have resulted in a contrary decision, the Commissioner's findings must be affirmed if substantial evidence supported the decision. *Blalock*, 483 F.2d at 775. The Commissioner is charged with resolving conflicts in the evidence, and this Court cannot reverse that decision merely because the evidence would permit a different conclusion. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). As previously discussed, despite the Plaintiff's claims, he has failed to show that the Commissioner's decision was not based on substantial evidence. Based upon the foregoing, and pursuant to the power of the Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in social security actions under sentence four of Sections 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. Sections 405(g) and 1338(c)(3), the Commissioner's decision is AFFIRMED.


October 7, 2021  
Florence, South Carolina

s/ Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge